UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JACK IRWIN, DDS,

                 Plaintiff,

         - against -

MIDVALE INDEMNITY COMPANY,

                 Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4223 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

Presently before the Court is Defendant Midvale Indemnity Company's motion seeking reconsideration of the Court's September 17, 2020 Memorandum and Order remanding this matter back to state court following removal. In its motion, Defendant requests that the Court allow briefing on issues related to diversity jurisdiction and permit Defendant to amend its Notice of Removal. (Dkt. 10.) For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On September 10, 2020, Defendant filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) In its Notice, Defendant invoked diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the basis for federal subject matter jurisdiction. (Dkt. 1-1, ¶ 5.) Defendant alleged complete diversity of citizenship between the parties (*id.* ¶¶ 3, 4) and that the amount in controversy, "exclusive of interest and cost, is . . . in excess of $75,000.00" (*id.* ¶ 6).

On September 17, 2020, the Court *sua sponte* remanded this action back to state court pursuant to 28 U.S.C. § 1447(c), which states in relevant part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (Dkt. 9, at 1–3 (the "Sept. 17 Order").) The Court determined that Defendant's Notice

1

and removal complaint were "insufficient to support the exercise of federal subject matter jurisdiction" because Defendant failed to provide any factual allegations to support its statement that the $75,000 requirement for diversity jurisdiction has been satisfied. (*Id.* at 5.) The following day, September 18, 2020, a copy of the Court's remand order was mailed to the Supreme Court of New York, Kings County. (9/18/20 Docket Notation.)[1]

On October 1, 2020, Defendant filed a Motion pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 60(b), asking the Court to reconsider its September 17 Order, allow briefing related to diversity jurisdiction, and permit Defendant to amend the Notice, pursuant to 28 U.S.C. § 1446(b) and/or 28 U.S.C. § 1653, to correct any defective allegations with regard to diversity jurisdiction. (Dkt. 10, ECF[2] 1.)

## DISCUSSION

This Court is barred from reconsidering its *sua sponte* September 17 Order and taking any further action in this case, including permitting further briefing or amendments to the Notice, because it no longer has jurisdiction over this matter.

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise[] . . . ." 28 U.S.C. § 1447(d). "[T]he 'or otherwise' language of section 1447(d) [even] bars district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Comm'r of Soc. Servs. ex rel. Boertlein v. Clarke*, 768 F. App'x 92, 93 n.1 (2d Cir. 2019) (summary order) (citation omitted); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005) ("This language has been universally

---

[1] Though part of the official record in this case, this notation is not visible on the public docket.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

construed to preclude not only appellate review but also reconsideration by the district court.")
(citation and internal quotation omitted); *Ventura v. Air Wolf, Inc.*, No. 20-CV-1841 (PKC) (RER),
2020 WL 2219187, at *1 (E.D.N.Y. May 6, 2020) (citing *Comm'r of Soc. Servs.* and *Shapiro* in
denying motion for reconsideration of remand order).

The Second Circuit has explained that "Section 1447(d) establishes that once a section
1447(c) remand order has been mailed to the state court pursuant to the latter section,[3] federal
jurisdiction is at an end" and the federal court is barred from taking further action in the case. *See
Shapiro*, 412 F.3d at 312 ("This provision creates legal significance in the mailing of a certified
copy of the remand order in terms of determining the time at which the district court is divested of
jurisdiction."); *see also*, *Deutsche Bank Sec., Inc. v. SESL Recovery, LLC*, No. 16-MD-2742
(PKC), 2020 WL 704579, at *3 (S.D.N.Y. Feb. 12, 2020) (quoting *Shapiro*, 412 F.3d at 312)
(collecting cases); *Correa v. YRC Worlwide[sic] Inc.*, No. 19-CV-1564 (CBA), 2019 WL
3714792, at *1 (E.D.N.Y. June 28, 2019) ("Once a federal district court certifies its remand order
based on lack of subject matter jurisdiction and mails it to state court, the federal court is divested
of jurisdiction 'and can take no further action on the case.'"), *report and recommendation adopted
sub nom. Correa v. YRC Worldwide, Inc.*, No. 19-CV-1564 (CBA) (RLM), 2019 WL 5693799
(E.D.N.Y. July 22, 2019); *Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI)
(MDG), 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016) ("[O]nce the district court certifies a
remand order to state court it is divested of jurisdiction and can take no further action on the case.")
(citation omitted).

---

[3] "If at any time before final judgment it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded. . . .  A certified copy of the order of remand shall be
mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with
such case."  28 U.S.C. § 1447(c).

On September 17, 2020, this Court *sua sponte* issued a section 1447(c) remand order based on its determination that Defendant's notice of removal failed for lack of subject matter jurisdiction.  (Sept. 17 Order, Dkt. 9, at 2–5.)  As the Court explained, under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  (*Id.* at 2.)  Here, the Court determined that Defendant failed to meet its burden of showing that the amount in controversy required for diversity jurisdiction had been satisfied because "both the complaint and notice of removal lack any factual allegation indicating the value of the underlying claim, or any allegation from which one could infer the value of the underlying claim."  (*Id.* at 3–4.)  Accordingly, the Court remanded this matter to state court "for lack of federal subject matter jurisdiction" and directed the Clerk of Court to mark this case as closed.  (*Id.* at 5.)  On September 18, 2020, certified copies of the Docket Sheet and September 17 Order were mailed to the New York Supreme Court, Kings County, 360 Adams Street, Brooklyn, NY 11201.  (9/18/20 Docket Notation.)

Thus, as of September 18, 2020, this Court was divested of jurisdiction over this matter and barred from taking further action in this case.  *See Shapiro*, 412 F.3d at 312; *Correa*, 2019 WL 3714792, at *1.  Consequently, Defendant's October 10 motion for reconsideration, request for further briefing, and request to amend must be denied.[4]  *See*, *e.g.*, *Correa*, 2019 WL 3714792, at

---

[4] Even if this Court were to consider the additional jurisdictional evidence put forth by Defendant (*see* Exhibit B, Dkt. 10-4; Exhibit C, Dkt. 10-5; Exhibit D, Dkt. 10-6), it would likely find again that it lacks subject matter jurisdiction in this matter.  The Complaint states that Plaintiff "has incurred, and continue[s] to incur, among other things, a substantial loss of business income and additional expenses covered under the Policy," but does not specify any amount of damages. (Dkt. 1-2, at ECF 16 ¶ 83.)  Defendant argues that the amount in controversy exceeds the jurisdictional limit based on an inference that the continued losses referenced in the Complaint can be calculated by assuming that Plaintiff's reported average weekly loss of income as of April 22, 2020 ($5,000) continued for at least four or five months.  (Dkt. 10-1, at ECF 11–12.)  Where, as here, the Complaint does not allege a damages amount, "Defendant[] cannot meet [its] burden by relying on inferences drawn from [Plaintiff's complaint]."  *Ventura*, 2020 WL 1941279, at *2

*1 (denying motion to reopen remanded matter after the remand order was mailed to the state court); *Wachtel & Masyr, LLP v. Brand Progression, LLC*, No. 11-CV-7398 (LTS) (MHD), 2013 WL 93167, at *1 (S.D.N.Y. Jan. 7, 2013) (denying motion to alter or amend the court's remand order because the court no longer had jurisdiction after the remand order was sent to the state court); *Miles v. Miles*, No. 12-CV-4014 (JS) (ETB), 2012 WL 3542319, at *1 (E.D.N.Y. Aug. 13, 2012) (holding that the "[c]ourt [wa]s without power to alter its [f]irst [r]emand [o]rder" after certifying that order to the state court); *In re Oxycontin Antitrust Litig.*, No. 08-CV-3380 (SHS), 2011 WL 4801360, at *1–2 (S.D.N.Y. Oct. 6, 2011) (denying motion to stay because the court no longer had jurisdiction after the remand order was mailed to the state court); *Myers v. Sara Lee Corp.*, No. 08-CV-1421 (KAM) (RER), 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) (denying motion for reconsideration because the court no longer had jurisdiction after the remand order was mailed to the Family Court); *Santos v. Inter Trans Ins. Servs., Inc.*, No. 06-CV-3698 (KNF), 2008 WL 754690, at *1 (S.D.N.Y. Mar. 13, 2008) (holding that it "cannot entertain the defendant's motion for reconsideration" because the court was divested of jurisdiction when the remand order was mailed to the state court).

Finally, the Court reiterates that its prior decision to dismiss this matter was *sua sponte*, as already explained in that ruling. Defendant's argument that it was not afforded an opportunity to present evidence supporting removal, in response to Plaintiff's September 16, 2020 motion for a pre-motion conference, is based on a faulty premise. (Dkt. 10-1, ECF 8–9.) Defendant misconstrues the September 17 Order as relying and ruling on Plaintiff's September 16, 2020 letter (Dkt. 8) requesting a pre-motion conference in advance of filing a motion to remand. (Dkt. 10-1,

---

(quoting *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)).

ECF 8–9.)  While the Court acknowledged the filing of Plaintiff's letter in its September 17 Order

(Sept. 17 Order, Dkt. 9, at 2 n.2), the Court's decision to remand was based solely on its *sua sponte*

determination that Defendant's Notice failed for lack of subject matter jurisdiction.  (*Id.* at 3–5.)

Defendant was not deprived of an opportunity to present evidence in support of removal in this

matter.  Rather, when presented with that opportunity at the time of removal, Defendant failed to

meet its burden for the reasons set forth in the Court's September 17 Order.  (*Id.*)[5]

**CONCLUSION**

For the foregoing reasons, Defendant's motion for reconsideration, including its requests

to allow briefing and to amend its Notice, is denied.  This matter remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: November 11, 2020
        Brooklyn, New York

---

[5] Furthermore, as the Court explained in the September 17 Order, the Court was entitled to *sua sponte* remand the case for lack of subject matter jurisdiction, without permitting Defendant to first respond.  (Sept. 17 Order, Dkt. 9, at 3 ("The Second Circuit has construed [28 U.S.C. § 1447(c)] as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction." (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006))).